# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUDOLPH F. PAPA,<br>*Plaintiff,* | CIVIL ACTION |
| v. | No. 19-846 |
| MIHAI DIAMANDI, M.D., *et al.*,<br>*Defendants.* | |

## MEMORANDUM

### I. INTRODUCTION

Before the Court are Defendants Main Line Health Systems (Parent), Main Line Health Inc., Riddle Hospital, Paoli Hospital, Bryn Mawr Hospital, MLH Affiliate Entities, and Mihai Diamandi, M.D.'s Motion to Dismiss (ECF No. 17) and Defendant David A Thomas, D.O., Ph.D.'s Motion to Dismiss (ECF No. 18). *Pro se* Plaintiff Rudolph F. Papa did not file a response to either motion.[1]

### II. BACKGROUND

At all times represented in the Complaint, Plaintiff was between eighty-one (81) and eighty-three (83) years of age. *See generally* ECF No. 3. On February 28, 2017, Plaintiff suffered a fall at his home. *Id.* at 11. Plaintiff became disoriented and his caretaker drove him to the emergency room at Riddle Hospital. *Id.*

Shortly after being admitted to the emergency room, Defendant Dr. Mihai

---

[1] Because Plaintiff is proceeding *pro se*, the Court liberally construes his pleading. *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

1

Diamandi treated Plaintiff. *Id.* at 13. Plaintiff claims Dr. Diamandi misdiagnosed him with dementia. *Id.* at 14-15. Dr. Diamandi ordered a neurology consultation and Defendant Dr. David Thomas, a neurologist, examined Plaintiff. *Id.* at 17, 21. Dr. Thomas confirmed Dr. Diamandi's dementia diagnosis and Plaintiff disputed his conclusion, as well. *Id.* at 22. Instead, Plaintiff alleges his symptoms were the result of his fall, a urinary tract infection, and a B12 deficiency. *Id.* at 26-27. Plaintiff asserts that the Defendant doctors diagnosed him with dementia because of his age. ECF No. 3-1 at 4-9.

On March 24, 2019, Plaintiff suffered a second fall and went to Paoli Hospital to be treated. *Id.* at 10. Plaintiff alleges that Defendant Paoli Hospital failed to properly assess and identify the potential causes of his falls, such as the possibility of irregular heart rhythm. *Id.* at 10-11. Further, Plaintiff asserts Defendant Paoli hospital failed to properly treat Plaintiff, including its failure to order a urinalysis and draw blood. *Id.*

On April 16, 2019, Plaintiff suffered a third fall at Wayne Nursing Home, and he was sent to the emergency room at Bryn Mawr Hospital. *Id.* at 28. Plaintiff alleges that Defendant Bryn Mawr Hospital prescribed inappropriate antibiotics, failed to properly interpret CAT scan results, failed to draw his blood, failed to monitor his heart rate, and failed to check his kidney. *Id.* at 28-29.

Plaintiff filed this action under Section 1557 of the Patient Protection and

Affordable Care Act and Age Discrimination Act of 1975 following medical treatment he received at the Defendant hospitals from the Defendant doctors. ECF No. 3 at 1. Plaintiff maintains throughout his Complaint that the level of care he received was not the same afforded to younger persons, and the discrimination he experienced is representative of a systemic problem within the Defendant hospitals. *Id.* As such, Plaintiff avers, "[the] Age Discrimination Act of 1975 is the main focus of this complaint." *Id.* at 2.

Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF Nos. 17, 18. Collectively, Defendants argue that Plaintiff (1) failed to exhaust his administrative remedies, (2) his cause of action does not provide for individual liability, and (3) his claims sound in medical malpractice, not discrimination.

Over sixty (60) days has passed since Defendants filed their motions and Plaintiff has not filed a response.[2]

For the following reasons, the Court will grant both motions.

---

[2] The Court received a letter from a non-party indicating that Plaintiff had passed away and made it part of the docket, *see* ECF No. 20, along with the Court's response. Additionally, the Court mailed a copy of its response to the author of the letter at the address she provided. To date, no suggestion of death has been filed and no indication that an executor or administrator of the estate would be entering an appearance in this case. The author of the letter suggested she had significant knowledge of how these cases proceed in California and that she had spoken to attorneys in this area. Nevertheless, the Court supplied her with a copy of Bar Sponsored Referral Services in the Eastern District of Pennsylvania.

## III. DISCUSSION

### A. <u>Standard of Review</u>

In evaluating "the sufficiency of a *pro se* complaint, the court must be mindful to construe it liberally in favor of the plaintiff." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)).

When a defendant submits a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, a court must determine whether the motion is a "facial" or "factual" attack. A facial attack considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court. *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). "[A] facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Id.* As such, a facial attack "contests the sufficiency of the pleadings." *Id.* (quoting *In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir. 2012)). Here, Defendants submit a facial attack.

To survive a motion to dismiss for failure to state a claim under Rule

4

12(b)(6), the complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the factual content allows the court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.*

### B. Failure to Exhaust Administrative Remedies

Plaintiff fails to allege that he exhausted any of the administrative remedies required under Section 1557 of the Affordable Care Act and Age Discrimination Act of 1975 prior to filing this lawsuit.

Section 1557 of the Affordable Care Act contains an anti-discrimination provision that "an individual shall not, on the ground prohibited by… the Age Discrimination Act of 1975 (42 U.S.C. 6101 et seq.) … be excluded from participation in, be denied benefits of, or be subject to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance." 42 U.S.C. § 18116. "The enforcement mechanisms provided for and available under … [the] Age Discrimination Act shall apply for purposes of this subsection." 42 U.S.C. § 18116(a); 45 C.F.R. § 92.302; *See SEPTA v. Gilead Scis., Inc.*, 102 F. Supp 3d 688, 698 (ED. Pa. May 4, 2015).

The requirements are laid out at 42 U.S.C. § 6104 and 45 C.F.R. § 90. In short, complainants are required to file an administrative complaint "within 180

5

days from the date the complaint first had knowledge of the alleged act of discrimination" and then he or she "may file a civil action only after 180 days have elapsed since the complainant filed the administrative complaint and the reviewing agency has made [a] finding." 45 C.F.R. § 91.42; 45 C.F.R. § 91.50. Furthermore, the complainant must give thirty days' notice by registered mail to the Secretary of Health and Human Services, the Attorney General, the head of the granting agency, and the grant recipient. 42 U.S.C. § 6104(e)(1); 45 C.F.R. § 91.50(b)(3)(iii). The notice must include the alleged violation, the relief requested, the court in which that action will be brought, and any relief for attorney's fees. 42 U.S.C. § 6104(e)(2); 45 C.F.R. § 91.50(b)(3)(iv).

A federal district court may dismiss a *pro se* plaintiff's complaint for failure to exhaust administrative remedies and procedural requirements. *See Rannels v. Hargrove*, 731 F. Supp. 1214 (E.D. Pa. 1990) (dismissing *pro se* plaintiff's complaint for lack of subject matter jurisdiction for failure to exhaust administrative remedies); *see also Yan Yan v. Pa. State Univ.*, No. 14-01373, 2015 U.S. Dist. LEXIS 84691, at *35 (M.D. Pa. May 7, 2015), *adopted at*, 2015 83789 (M.D. Pa. Jun. 29, 2015) (dismissing *pro se* plaintiff's complaint for failure to exhaust administrative remedies and failure to provide proper notice).

Here, the Court liberally construes Plaintiff's Complaint. When doing so, however, the Court finds that Plaintiff has failed to allege that he exhausted or

attempted to complete the aforementioned administrative steps prior to filing this case. Without satisfying these prerequisites, this Court cannot exercise review. Accordingly, Plaintiff's Complaint is dismissed for his failure to exhaust and provide notice under the Affordable Care Act and Age Discrimination Act. Because Plaintiff already amended his Complaint and it is clear from the facts that Plaintiff cannot cure this deficiency, the Court will not grant him leave to amend.

## IV. CONCLUSION

Having thoroughly reviewed the Complaint, as well as the documents Plaintiff attached thereto, and having considered Defendants' Motions, the Court dismisses Plaintiff's Amended Complaint against all Defendants.

An appropriate Order accompanies this Memorandum.

**BY THE COURT:**

**Date:** February 13, 2020

_____
CHAD F. KENNEY, JUDGE